## NATIONAL LABOR RELATIONS BOARD

v.

### WARREN CO., Inc.

No. 13772.

United States Court of Appeals, Fifth Circuit.

June 30, 1954.

Petition for Rehearing and Modification Denied Aug. 13, 1954.

Winthrop A. Johns, A. Norman Somers, Assts. Gen. Counsel, D. P. Findling, Assoc. Gen. Counsel, William J. Avrutis, George J. Bott, Gen. Counsel, Julius G. Serot, Charles M. Henderson, Washington, D. C., for petitioner.

John Wesley Weekes, Murphey Candler, Jr., Weekes & Candler, Decatur, Ga., for respondent.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and WRIGHT, District Judge.

HUTCHESON, Chief Judge.

Filed by the board to have respondent adjudged in civil contempt of our decree in cause No. 13772 on the docket of this Court, and also to suggest that it be proceeded against as for criminal contempt, the petition for the adjudication in civil contempt alleged that respondent has failed and refused, and continues to fail and refuse, to comply with paragraphs 1(b) and 2(d) of the decree.[1]

In reply, respondent, setting out the whole of our decree with its various prohibitions and injunctions, alleged that even before its entry it had complied, and is now in compliance with, each and every one of its provisions, including offering to reinstate, and reinstating, the five named employees and paying them the amounts determined to be due them, except that since the decree of this Court it has refused, and is refusing, to bargain collectively with the union as bargaining agent of its employees for the reasons set out in its answer as follows. The union does not represent, and has not for a long time represented its employees as bargaining agent. As early as Nov. 3, 1952, long after respondent

had reinstated and reimbursed its employees, respondent received a communication[2] from five of the six employees in the unit affected, stating that the union did not represent them and requesting that it be decertified, and respondent, finding itself unable to prevail upon the union to furnish it countervailing evidence or to consent to an election, on January 27th, filed a petition with the regional board for an election, attaching to it the said request of its employees.

Thereafter and within ten days, it petitioned the board for a review, citing our case of N. L. R. B. v. Aldora Mills, 5 Cir., 197 F.2d 265, and stating in part: "The law does not contemplate that an employer bargain with a representative who is not the true and lawful representative of the employees."

On March 4, 1953, the board, in a letter[3] to respondent's counsel, denied the appeal.

On the basis of this showing, respondent asserts: that following this court's decree, it has exhausted every recourse for a fair determination by the board of the majority status of the union; that it has been denied these orderly process-

---

1. Requiring respondent to:
   "1. Cease and desist from:
   * * * * *
   "(b) Refusing to bargain collectively with District Lodge No. 46, International Association of Machinists, as the exclusive bargaining representative of all its tool and die makers, machinists, die setters, helpers, and apprentices, excluding clerical employees, professional employees, guards, and supervisors as defined in the National Labor Relations Act;
   "2. Take the following affirmative action which the Board has found will effectuate the policies of the National Labor Relations Act:
   * * * * *
   "(d) Upon request, bargain collectively with District Lodge No. 46, International Association of Machinists, as the exclusive representative of the abovementioned employees and, if an understanding is reached, embody such understanding in a signed agreement;"

2. "Nov. 3rd, 1952
   "We the undersigned employees of the Warren Co. do not want the International

Association of Machinists or any other union to represent us in the matter of collective bargaining with our employer. We request that the union be decertified as the bargaining agent.
                    Percy A. Wright
                    E. L. Reives
                    J. R. Mitchell
                    P. J. Water
                    C. A. Smelley."

3. The letter is as follows:
   "The Board has considered your request for review of the Regional Director's refusal to issue Notice of Hearings in the above case and has decided that the Regional Director's dismissal was proper on the ground that pursuant to a Decree of the United States Court of Appeals entered on August 7, 1952, enforcing the Board's Order in Case No. 10-CA-622, the Employer is obligated to bargain with Lodge No. 46, International Association of Machinists, AFL, for the employees described in the instant petition and if an understanding is reached, to embody such understanding in a written agreement."

es; and that it does not believe that this court would wish or require it to bargain with the union which does not represent, and has not for a long time represented, the employees as bargaining agent. For this reason and for this reason alone, and not because it is contemptuous of this court's decree, it has failed to bargain collectively with the union.

The board, in its reply to respondent's answer, does not deny or otherwise put in issue the allegations of fact in it. It merely avers that these facts are not material. As the board sees it, the only material facts are these: the board determined that the respondent was guilty of unfair labor practices and ordered that it bargain with the union as representative and bargaining agent for the unit; the court granted the board's petition for enforcement of that order and ordered it enforced; and the respondent admitted that, though board and court have so ordered, it refuses to do so. On the basis of these admitted facts, the board insists that respondent stands without defense and, as matter of law, must be adjudged in civil contempt and required to bargain, and that the court should also proceed in criminal contempt and punish respondent by fine or imprisonment or both.

We cannot at all agree with these views. On the contrary, we think the facts alleged by respondent and in effect admitted by petitioner make it clear that the charge of criminal contempt, that is of wilful and deliberate defiance of our decree, is wholly without legal or factual basis, and that, on the issue of civil contempt, the facts make strongly for, if they do not in fact and in law compel, a negative answer to the question this proceeding presents, and thus make out a complete defense to the charge.

This question is, must respondent be adjudged in civil contempt of our order because, under the facts of this case detailed in its answer, it refuses to bargain with a union which does not now represent, and has not for a long time represented, its employees and which

they have requested respondent in writing not to recognize as bargaining agent for them.

The board's position on the question shortly stated is that since the board directed the respondent to bargain with the union as the representative of the unit in question, and we directed the enforcement of the board's order, its and our order fixed the status of the union as bargaining representative of the unit and required the respondent to bargain indefinitely with it, even though, without fault on respondent's part, the membership of the unit has changed its composition so that its members are no longer members of the union, and, in addition, five out of six of the employees constituting the unit, have filed a written request to respondent not to bargain with it as their representative. This position is apparently based in part upon the board's idea that after it has made a determination as to the bargaining agent of the employees, it is not for the employees but for it to determine who shall continue to represent them and in part upon decisions of the court that in enforcement proceedings it is not a defense that the union has lost its majority if this loss is due to the wrongful actions of the respondent.

Respondent, while conceding the rule to be as stated by the board, where the proceeding is one for enforcement of the board's order and the evidence shows that the loss of representation is due to unfair labor practices of the employer, insists that the rule does not, it cannot apply here, because (1) it is affirmatively shown that the loss of the union's position as bargaining agent is not the result of unfair labor practices but of a turn over of the employees or a change of opinion on their part, not brought about or contributed to by the employer, and (2) because this is not an enforcement but a contempt proceeding.

As it applies its argument to the undisputed facts here presented, the respondent states it thus: Granted that because of the findings of the board

which were affirmed by this court, appellant had no right to defend against the enforcement proceeding on the ground that, though the contrary was found by the board the union did not in fact represent its employees, an entirely different question is presented in this contempt proceeding. This results from the admitted facts that after the entry of the board's order and long before the entry of our decree, the respondent posted the required notices, reinstated the five discharged employees with back pay and made an offer to bargain with the union, and later, and without fault on respondent's part, the employees in the unit repudiated, and are still repudiating the union as bargaining agent.

It points to the undisputed facts of record: that before and after the entry of the decree, without fault on the part of respondent but due solely to the natural turn over among its employees, the union lost its majority and ceased to represent the unit; that based upon the written request in November of 1952, of five of the six employees then constituting the unit, the respondent in January of 1953, filed with the regional office of the board a petition requesting it to determine by an election whether the union represented a majority of the unit, and the regional director first, and the board later, denied the petition for an election.

So pointing, it insists that it is the board, and not the respondent, which is preventing the employees from choosing their own representative and forcing upon them a representative not of their own choosing, and the respondent is, therefore, not in contempt of our decree whose sole purpose was, and whose effect ought to be, to protect the employees' right of choosing their own representa-tive and of not having one they did not choose and do not want thrust upon them. So insisting, respondent, on the basis of the many cases which it cites,[4] including our own case of Aldora Mills, supra, urges upon us, that in a contempt proceeding, unlike in an enforcement proceeding, the question of the reality of the claimed representation can and will be inquired into and when, as here, it appears that the enforcement of the court's decree in accordance with its terms would work a present injustice to and injury upon the employees by forcing them to accept a bargaining agent which they did not choose and do not want, the court will not, under the guise of holding respondent in contempt, force upon the employees a bargaining agent they do not want. Particularly will it not do so where it appears, as here, that the board, by refusing to consider or otherwise lend its assistance to the decertification petition, and not the respondent, is responsible for the situation which now exists.

The board meets this argument with the counter-contention that it stands, as to the decree entered in its favor, in the same case and entitled to the same extent to enforce it as written, as a private litigant who has obtained an injunctive order in its favor, and that since in such a situation the court would not reconsider the equities as between the parties to the decree, and upon that reconsideration refuse to hold the contemnor in contempt, neither will the court do so here.

▆▆▆ We cannot agree with the board that the matter so stands here. Under the settled law that the remedies provided by the act are public, not private, remedies, that orders and decrees are entered not in vindication of private, but of public, rights, it is, we think, plain

4. Franks Bros. Co. v. N.L.R.B., 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020, in which the court held that "[The Board's] order does not fix a permanent bargaining relationship without regard to [new] situations that may develop"; N.L.R.B. v. Aldora Mills, 5 Cir., 197 F.2d 265, and cases cited in it; Mid-Continent Pet. Corp. v. N.L.R.B., 6 Cir., 204 F.2d 613; N.L.R.B. v. Inter City Adv. Co., 4 Cir., 154 F.2d 244; N.L.R.B. v. Appalachian Elec. Power Co., 4 Cir., 140 F.2d 217; N.L.R.B. v. Century Oxford Mfg. Corp., 2 Cir., 140 F.2d 541; N.L.R.B. v. Mayer, 5 Cir., 196 F.2d 286; N.L.R.B. v. Bradley Washfountain Co., 7 Cir., 192 F.2d 144. Cf. N.L.R.B. v. Red Arrow, 5th Cir., 213 F.2d 260.

that the board is not entitled to a contempt order enforcing the court's decree, if, in the court's opinion, such a contempt adjudication will result in a violation of the act and of the public policy for which it stands. The considerations which underlie the holdings of the court on which the board relies, that whether enforcement of the board's order should be granted or denied is to be determined not upon new evidence but upon the record on which the board's order is based, and, therefore, a respondent may not show as a defense in an enforcement proceeding that the union has lost its majority, have no application in a contempt proceeding to which entirely different considerations apply. In such a proceeding the court determines for itself what order will best serve the public interest and at the same time vindicate its own decree, and it will not, in disregard of the plain language of the act, that employees are entitled to choose their own bargaining representative and may not have one not of their own choosing forced upon them, issue a contempt order which has the effect of doing so.

In this case it appears without dispute that after the entry of the board's order and before the entry of the enforcement decree in this case, the respondent complied fully with all the provisions of the order by reinstating and paying back wages to discharged employees, by posting notices and by agreeing to bargain with the union as their representative. It further appears that, after the entry of our decree, the respondent, advised by his then employees, that they were not members of the union and that they did not wish to have the union represent them and wished it decertified, requested the board to take the proper steps to inquire into and determine the truth of the matter and the board having refused to do so, the respondent in good faith determined that it would be unlawful, unwise, and unfair for it to bargain with the union, and that it would not be contemptuous of it to refuse to bargain with it as representative of its members. Under these circumstances, we think that the court, instead of vindicating would stultify itself and its decree and do violence to the act if it ordered the employer to force upon its employees as bargaining agent a union not of their own choosing merely because some six years before the board had ordered the employer to recognize it as bargaining agent for its then employees.

We think that no case for a contempt order is made out. The petition is Denied and the contempt proceeding is Dismissed.